IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DAISY SOLOMON, Pro Se, | : | CIVIL ACTION |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | NO. 16-6484 |
| | : | |
| EAST PENN MANUFACTURING CO., INC., | : | |
| | : | |
| Defendant. | : | |

**MEMORANDUM OPINION AND ORDER**

Presently before this Court is Plaintiff's Motion to Test the Sufficiency of Defendant's Responses to Requests for Admission (Doc. No. 103), which incorporates a Motion to Compel Responsive Answers to Interrogatories and Provide Documents Requested, and Defendant's opposition to that Motion (Doc. No. 111). Plaintiff's Motion is improper in multiple respects. Most importantly, both Federal Rule of Civil Procedure 37(a)(1) and this Court's Local Rule 26.1(f) require parties to meet and confer and to make a good faith effort to resolve, or at the very least, to narrow their differences before involving the Court in a discovery dispute. Merely exchanging letters stating and restating that the other party is wrong, lobbing invective and making no effort at compromise does not comply with those rules. Moreover, although the requirement for direct communications, either face-to-face or telephonically, is implicit in the rules' requirement that the parties "meet and confer," this Court expressly ordered Plaintiff to "confer directly, in person or by telephone, with Defendant's counsel and attempt in good faith to resolve or compromise any remaining disagreement regarding discovery responses." December 14, 2017 Order (Doc. No. 77). The Order further stated that "Plaintiff may submit such disagreement to the Court, pursuant to Local Rule 26.1, but only after she is able to certify

her efforts to resolve the dispute," as directed. Id. Plaintiff's correspondence, however, reflects that she has unilaterally taken it upon herself to refuse to communicate with Defendant's counsel other than in writing. Opp. Ex. D, at 2. This refusal to follow the requirements of the applicable rules is unacceptable and a direct violation of a court order and, if Plaintiff were not proceeding pro se, would justify the imposition of sanctions, if not the dismissal of her Motion summarily. Even a pro se litigant must comply with court rules and orders.

In addition, the form of Plaintiff's Motion is unsatisfactory. It consists of a short, generalized argument that Defendant has not properly responded to Plaintiff's discovery requests followed by an exhibit, over 100 pages in length, comprised of virtually every document request, interrogatory and request for admission that Plaintiff has served in this action along with her inserted annotations regarding the written back and forth between the parties as to each discovery request. The purpose of the meet and confer requirement is to limit the discovery disputes for which the parties request judicial intervention to those matters that are genuinely in dispute, that the parties cannot resolve through good faith compromise and that are of significant importance to the outcome of the litigation. A discovery motion should summarize the essence of the disputed issues and the party's arguments; not merely repeat the entire history of each discovery request verbatim without explanation, argument or authority regarding why the requested discovery is proper, necessary and proportional to the scope of the case.[1] It is impossible to believe that, if the parties had attempted to compromise in good faith, balancing the scope of

---

[1] For example, it would have been appropriate to present arguments regarding whether Plaintiff may obtain discovery regarding other employees and supervisor or manager positions other than those to which Plaintiff applied. It was not appropriate to simply reproduce the numerous discovery requests related to those issues, the responses and the letter exchanges between the parties regarding each individual request related to those issues.

Plaintiff's real discovery needs with the burden of response imposed on Defendant, they would not have significantly reduced the scope of the issues requiring this Court's involvement. It is apparent that Plaintiff has not made any significant effort to narrow the scope of the disputed issues, but has merely dumped them all on the Court. This failure threatens to waste a considerable amount of the Court's limited time and resources on matters that the parties could have and should have resolved on their own.

Plaintiff's two sets of requests for admission, totaling in excess of 100 requests, are also improper. Requests for admission are a "surgical [device] to be used 'to eliminate issues over facts that are not in dispute,' not 'to obtain discovery of the existence of facts, but rather . . . to establish the admission of facts about which there is no real dispute.'" Hayes v. Bergus, No. 2:13-CV-4266-SDW-SCM, 2015 WL 5666128, at *6 (D.N.J. Sept. 24, 2015); see also Gannon v. United States, No. 03-6626, 2006 WL 2927639, at *1 (E.D. Pa. Oct. 6, 2006) (requests for admission should be used to establish undisputed "peripheral" factual issues). They "'should not be of such great number and broad scope as to cover all issues of a complex case,' and '[o]bviously . . . should not be sought in an attempt to harass an opposing party.'" Gannon, 2006 WL 2927639, at *1 (quoting Wigler v. Elect. Data Syst. Corp., 108 F.R.D. 204, 205 (D. Md. 1985)). Requests "should require minimal response and explanation as well as rarely requiring reliance on documentation of facts outside of the requests themselves"; although some flexibility exists for incorporation of documents or testimony by reference. Martin Marietta Materials, Inc. v. Bedford Reinforced Plastics, Inc., No. 3:2003-57, 2007 WL 1300772, at *2 (W.D. Pa. May 2, 2007).

The vast majority of Plaintiff's requests for admission violate these rules. They are argumentative and plainly relate to facts that are neither peripheral nor undisputed. Rather than

3

eliminating the need to prove peripheral and undisputed facts through live witnesses at trial, Plaintiff appears to be attempting to prove her entire case by obtaining Defendant's agreement to her version of disputed facts and narrative descriptions of events.[2] Furthermore, many of the requests are vague or complex such that a specific response establishing a specific fact is not possible. The proper method of learning a party's position and supporting evidence regarding disputed material issues of fact is through the interactive process of question and answer at a deposition and not by simply demanding that the other party admit the requesting party's factual contentions. Moreover, because of their excessive number and their improper form, Plaintiff's requests are unreasonably burdensome and harassing.

This case is now proceeding under a Fifth Amended Scheduling Order and the parties' ongoing discovery disputes appear to threaten compliance with that Order. Despite the above-listed and other deficiencies in Plaintiff's requests for documents, information and admissions,[3] dismissing the Motion summarily and requiring the parties to start over with proper meetings and conferences and to then produce properly constructed motions regarding significantly narrowed issues is impractical at this juncture. As a result, although this Court will not undertake to address individually every discovery request contained in the exhibits to the Motion, it will provide direction to the parties regarding how they shall proceed from this point forward. Accordingly, **IT IS ORDERED** as follows:

1. Plaintiff shall not raise any additional discovery disputes with this Court unless and

---

[2] Even if such an attempt were permissible, the effort would be fruitless. The likelihood that Defendant would admit Plaintiff's position on disputed facts and her narrative version of events is exceedingly remote.

[3] In response to those requests, Defendant also has taken a number of positions that cannot be justified.

until she has conferred with Defendant's counsel, either in person or by telephone, and made a legitimate, good-faith attempt to resolve the disputed issues.  Such an attempt shall involve an interactive discussion between the parties regarding the extent of the discovery Plaintiff may need to prove her case as compared to the burden the request imposes on Defendant and the extent to which the information sought will be material to the issues in this case.  The Court expects that in the course of such discussions, Plaintiff will not merely repeat her position that a request for information is justified, but shall compromise her demands to the extent reasonably practicable.  The Court further expects that Defendant shall not assert blanket refusals based solely on its own view of relevance or based on unsupportable legal positions such as those described below.

## Plaintiff's Document Requests and Interrogatories

2.  A number of the disputed document requests and interrogatories involve Plaintiff's request for documents and information regarding supervisors and managers, other applicants for the positions of supervisor or manager, the hiring process for those positions and demographic and statistical information regarding the gender of the supervisors, managers, or other employees of Defendant or information regarding the pay rate of various employees.  Defendant has refused to provide information that relates to positions other than those Plaintiff has specifically applied for or to fully respond to requests regarding the demographics and pay rates of other employees.  That refusal is unjustified.  Plaintiff is entitled to support her claim with evidence that other members of her protected class—female employees—were treated less favorably than male employees and to present statistical evidence regarding Defendant's hiring and promotion practices.  See N. v. City of Philadelphia, No. 98-6517, 2000 WL 355526, at *3-4 (E.D. Pa. Apr. 4, 2000); Miles v. Boeing Co., 154 F.R.D. 117, 120-21 (E.D. Pa. 1994); Siller v. Unisys Corp.,

No. 92-4870, 1993 WL 460804, at *8 (E.D. Pa. Nov. 3, 1993). However, the requests should be reasonably limited in geographic location and to positions reasonably comparable to those that Plaintiff either held or applied for. See Bates v. Tandy Corp., No. 03-5519, 2005 WL 1162502, at *1 (E.D. Pa. May 17, 2005); Miles, 154 F.R.D. at 120-21. Accordingly, Defendant's responses to discovery requests relating to other employees, supervisors and managers, applications for employment or promotion and hiring practices or information regarding other employees shall be limited to personnel and positions at its Topton facility where Plaintiff was employed.[4] Additionally, its response obligations are limited to positions that are reasonably comparable to those Plaintiff either had or applied for. Whether a position is reasonably comparable shall be determined based on the general category of the position, such as "shipping planner," "warehouse coordinator" or "dispatcher," without finer distinctions based on such factors as the shift to which the position related, the nature of the vehicles dispatched, the type of materials being shipped or the like. Similarly, Defendant shall provide the requested information and documents expeditiously regarding the salary and benefits of Plaintiff and of all other personnel at its Topton facility who hold or have held positions reasonably comparable to those that Plaintiff has held or applied for. Whether a position is "reasonably comparable" shall be determined on the same basis described above. Defendant shall not withhold information or documents on the basis of any contention that, despite holding the same general category of position, an employee's position is not in fact reasonably comparable to those held by or applied for by Plaintiff. Any such contentions raise factual issues that are to be addressed, if necessary,

---

[4] Plaintiff's exhibits reflect that she may have applied for a position at Defendant's Reading facility. To the extent that Plaintiff has applied for positions at any of Defendant's facilities other than its Topton facility, Defendant shall include in its responses information regarding the

(Footnote continued on next page)

6

at trial. Plaintiff's limitation on the time frame to which her requests relate—January 2013 to June 2016—is reasonable and shall be applied.

      3. In response to a number of discovery requests, Defendants have responded by objecting that the request calls for attorney-client privileged information and its "legal theories in this case."[5] It then has stated that it will produce "documents that are responsive to this request." These responses are improper. Information reflecting Defendant's "legal theories in this case" is only protected from discovery to the extent that it actually is covered by the attorney-client privilege or work-product protection. For each discovery request to which Defendant has provided such a response, Defendant shall provide amended responses expeditiously confirming that it will produce all responsive documents or providing the responsive information other than when such documents or information are subject to attorney-client privilege or work-product protection. Defendant shall not assert such protections for documents, communications or information developed in the ordinary course of its business operations, including investigation by non-lawyers of Plaintiff's complaints or conduct and including its decision-making process regarding hirings and terminations of employees that do not reflect privileged communications made for the purposes of obtaining legal advice or work product produced in anticipation of litigation.[6]

---

specific positions for which she applied.

[5] Plaintiff has objected to what she refers to as Defendant's general or "garbage" objections. The Court will not address the merits of each of those objections. What is important here is the scope of the responses actually provided despite those objections. The admissibility of the discovery responses and legitimacy of the Defendant's objections will be determined by the trial court if and when the admissibility of the responses or effect of the objections becomes relevant.

[6] To the extent Plaintiff has asserted that Defendant has made claims that are not credible that responsive documents do not exist, she may take the depositions of corporate witness(es) and document custodian(s) to test the adequacy of Defendant's efforts to locate the responsive

(Footnote continued on next page)

4. Plaintiff has requested information and documents relating to other claims of sexual harassment, gender-based discrimination, harassment, hostile work environment or wrongful discharge. Defendant shall provide such documents expeditiously relating either to internal complaints or litigation, except that with respect to claims of harassment or wrongful discharge, Defendant need only respond regarding such claims that are related to gender. Claims based on age, disability, race, etc. need not be included. See Walker v. Centocor Ortho Biotech, Inc., 558 F. App'x 216, 221 (3d Cir. 2014). For claims that have resulted in litigation, Defendant need not provide documents that are currently available on Pacer or a similar electronic case record system, but shall provide sufficient information to allow Plaintiff to locate the related records.

5. Plaintiff has served discovery requests relating to Defendant's policies and practices regarding gender-related discrimination and its compliance with those policies. Defendants shall provide the requested information or documents expeditiously to the extent they relate to or include policies and compliance at its Topton facility.

6. Plaintiff has requested contact information, including home addresses and telephone numbers for various of Defendant's employees and Defendant has refused to provide that information. That refusal is largely unjustified. The basis for Defendant's objection appears to be Pennsylvania Rule of Professional Conduct 4.2, which governs communications with persons represented by counsel.[7] "The purpose of Rule 4.2 is to prevent lawyers from taking advantage of uncounselled lay persons and to preserve the efficacy and sanctity of the lawyer-client

---

documents. If the Defendant should fail to produce existing, non-privileged and responsive documents without asserting a legitimate objection or without making a reasonable effort to locate them, it will risk the possibility of discovery sanctions.

[7] To the extent Defendant bases its objection on Paul P. v. Verniero, 170 F.3d 396, 404 (3d Cir. 1990)—a case relating to the disclosure by a governmental entity of a person's sex offender

(Footnote continued on next page)

relationship." Carter-Herman v. City of Philadelphia, 897 F. Supp. 899, 901 (E.D. Pa. 1995). That purpose is largely irrelevant to communications involving a pro se litigant. In addition, the notion that all corporate employees are represented by corporate counsel and can be contacted solely through that counsel has been soundly rejected. Id. at 903; see also State Farm Mut. Auto. Ins. Co. v. Sanders, 975 F. Supp. 2d 509, 511 (E.D. Pa. 2013); Michaels v. Woodland, 988 F. Supp. 468, 472 (D.N.J. 1997). Even with respect to an attorney's contact with an opposing party's employees, the prohibition is limited to members of the so-called "litigation control group." An employee is a member of that group only if he or she is "a constituent of the organization who supervises, directs or regularly consults with the organization's lawyer concerning the matter or has authority to obligate the organization with respect to the matter or whose act or omission in connection with the matter may be imputed to the organization for purposes of civil or criminal liability." E.E.O.C. v. Hora, Inc., 239 F. App'x 728, 730 (3d Cir. 2007); see also Carter-Herman, 897 F. Supp. 2d at 904 (applying control group standard to members of a police force). A person who supervises groups of workers is not a member of that control group unless he or she also meets the standard set out in Hora. See Carter-Herman, 897 F. Supp. 2d at 904. Here, Defendant's claim that a large number of its employees are members of its litigation control group who can only be contacted through counsel appears on its face to be untenable. Accordingly, the parties are ordered to proceed as follows: (a) within seven days of the date of this Memorandum Opinion and Order, Defendant shall provide Plaintiff with a list of its current[8] managerial employees who meet the Hora test to qualify as members of its

---

status pursuant to Megan's Law—that case is entirely inapposite.

[8] Former employees are not subject to the limitations regarding current control group employees. Carter Herman, 897 F. Supp. 2d at 902; see also State Farm, 975 F. Supp. 2d at 511.

9

litigation control group; (b) for each listed employee, Defendant shall provide an explanation of the basis on which it asserts the employee is a member of the control group sufficient to allow Plaintiff and the Court to evaluate the validity of its assertion; (c) Plaintiff shall not contact the listed individuals directly, but if she wishes to depose them, she may serve a subpoena through Defendant's counsel; (d) Defendant's counsel shall cooperate in effectuating the prompt service of the subpoena and the scheduling of the deposition; (e) with regard to all of Defendant's other employees and any former employees, Defendant shall promptly provide Plaintiff with the requested contact information; (f) Defendant shall not direct any employees other than members of its control group not to communicate with Plaintiff; (g) Plaintiff may communicate with non-control group employees, however, she may not make more than three attempts to contact such individuals, including by voice-mail, email, text message or letter and shall inform them that they are not legally required to communicate with her outside of a properly noticed deposition; (h) the parties will cooperate to schedule depositions at times and places that are acceptable to them and to the witness and acceptance of such terms shall not be withheld unreasonably; (i) Plaintiff is reminded, however, that pursuant to Federal Rule of Civil Procedure 30(a)(2)(A)(i), she is not permitted to take more than 10 depositions in this case without first seeking and obtaining leave of court; and (j) any request for leave to take additional depositions shall include an explanation of the reasons that any additional depositions are necessary and of how they will lead to the discovery of information that is material to Plaintiff's ability to present her case.

7. To the extent responsive non-privileged documents that fall within the confines of this Memorandum Opinion and Order have not yet been produced, the parties shall produce them expeditiously.

### Plaintiff's Requests for Admission

8. Within two weeks from the date of this Memorandum Opinion and Order, Plaintiff may select not more than 40 of her existing requests for admission that conform to the rules governing such requests to which she believes Defendant's previous responses have been inadequate and serve them upon Defendant. Plaintiff shall not serve any further requests for admission in this action.

9. Defendant shall provide proper responses to those requests within a time-frame that is reasonable in light of the current Scheduling Order. "'Answers that appear to be non-specific, evasive, ambiguous and appear to go to the accuracy of the requested admission rather than the "essential truth" contained therein are impermissible and must be amended.'" Philadelphia Gear Corp. v. Techniweld, Inc., No. 90-5671, 1992 WL 99622, at *2 (E.D. Pa. May 1, 1992) (quoting United States v. Lorenzo, No. 89-6933, 1990 WL. 83388, at *1 (E.D. Pa. June 14, 1990)). Moreover, a response that a request is "denied as stated" is inadequate. Id. at *2-3. "A denial shall fairly meet the substance of the requested admission, and when good faith requires that a party qualify an answer or deny only a part of the matter of which an admission is requested, the party shall specify so much of it as is true and qualify or deny the remainder." Id.

DATE: April 11, 2018                    BY THE COURT:

                                        */s/ Marilyn Heffley*
                                        MARILYN HEFFLEY
                                        UNITED STATES MAGISTRATE JUDGE